## NOBLE *v.* LEARY.

ATTORNEY.—*Set-off.*—*Agency.*—An attorney, when sued for money collected for the plaintiff, may set off a note held by him, executed by the plaintiff. There is nothing in the doctrine of agency that forbids such a defence.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—This action was set on foot by the appellee against the appellant. It is alleged in the complaint that the defendant was a claim agent, and as such he undertook to collect a balance of pay for one John Maloney from the United States, for a designated sum as compensation, to be deducted from the money when collected; that the defendant under this employment collected the sum of four hundred and ten dollars and forty-one cents; that afterward Maloney demanded the money of him, less the amount of his compensation, which he refused, and still refuses to pay; that Maloney assigned the claim to the plaintiff, who also demanded the money of the defendant, when he again refused to pay.

The defendant answered, by way of set-off, that the plaintiff's assignor was indebted to him in the sum of two hundred and eighty-eight dollars and fifteen cents, with interest from August 2d, 1866, on a promissory note of that date, at three months, made by Maloney to third persons named, and by them indorsed to him, before notice to him of the assignment by Maloney to the plaintiff of the cause of action on which the suit is brought; and, also, in the sum of forty-two dollars for the services mentioned in the complaint. The defendant proposed to set off these amounts against so much of the plaintiff's demand, and offered to confess judgment for the residue of the plaintiff's claim.

A demurrer to this answer, alleging that it did not state facts sufficient to constitute a defence, was sustained by the court. The defendant excepted, and, abiding by his demurrer, final judgment was rendered against him.

Noble *v.* Leary.

The error assigned is the sustaining of the demurrer to the answer.

The ground assumed by counsel for the appellee in support of the ruling of the court is, that on account of the existence of the relation of principal and agent between Maloney and Noble, Noble could not purchase the note against Maloney and use it as a set-off in the action for the recovery, by the plaintiff, from him, of the money collected and received by means of the agency. He deduces this principle from the rule that the agent cannot place himself in a position adverse, or in opposition to the interest of the principal. No authority on the exact point involved is cited by counsel for either party. We have not found, in a limited search for authority, any case exactly like this. Recurring, however, to the works on the subject of agency, we find the rule referred to by counsel for the appellee to be this, "that, in matters touching the agency, agents cannot act, so as to bind their principals, where they have an adverse interest." Story Agency, sec. 210. The purchase of the note in this case, which the defendant sought to use as a set-off, was, so far as we can see, in no way connected with the agency. Had it been shown, by a reply to the answer, that the defendant, by the use of the money of his principal, had purchased the note at a discount, it is probable that he could receive credit only for the amount paid by him. Story Agency, secs. 207 and 214; Dunlap's Paley Agency, 49. But this question is not before us.

We see no reason why, if the defendant had sued Maloney on the note which he purchased and held against him, Maloney could not have met the claim by an answer of set-off on account of the liability of the defendant to him for the money collected. Nor can we, on the other hand, see any legal reason why, when Maloney or his assignee sues the defendant for the money collected, he cannot use the note as a set-off, to that extent, against the demand for the money. The statutory provision regarding a set-off is this; "the set-off shall be allowed only in actions for money de-

mands upon contract, and must consist of matter arising out of a debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." 2 G. & H. 88, sec. 57.

It is not claimed by counsel for the appellee that there is anything in the nature of this particular agency which requires it to be distinguished from any other agency; but it is insisted that the rule contended for applies to all agencies where it is the duty of the agent to account for money received by him for his principal. Could it be successfully asserted that the defendant could not have sued Maloney on the note, even while he yet held the money collected for him in his hands? We think not.

It is our opinion that the set-off should have been allowed. The judgment is reversed, with costs.*

*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellant. *W. R. Manlove,* for appellee.

*Petition for a rehearing overruled.